c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALTHIE J. BOYD,<br>Plaintiff | CIVIL ACTION NO. 1:21-CV-04048 |
| VERSUS | JUDGE JOSEPH |
| ALEX JOSEPH, M.D.,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) filed by Defendant Alex Joseph, M.D. ("Dr. Joseph").  ECF No. 3.  Dr. Joseph seeks dismissal for lack of subject matter jurisdiction.  ECF No. 3 at 1.  Alternatively, Dr. Joseph seeks dismissal of *pro se* Plaintiff Althie J. Boyd's ("Boyd's") claims as prescribed.  ECF No. 3.  Boyd opposes.  ECF No. 10.

Because the Court lacks subject matter jurisdiction, Dr. Joseph's Rule 12(b)(1) Motion to Dismiss (ECF No. 3) should be GRANTED.

I.  **Background**

On November 23, 2021, Boyd filed a form Complaint (ECF No. 1) against Dr. Joseph alleging he engaged in "inappropriate conduct" during a "DNC"[sic] (dilation and curettage) surgery performed on April 13, 2018.  ECF No. 1 at 4.  Boyd seeks punitive damages for "inappropriate conduct[,] i.e. medical malpractice and sexual battery."  *Id.*  She further alleges inappropriate misconduct, "i.e. sexual battery," on April 30, 2018, when she saw Dr. Joseph for a follow-up appointment.  *Id.* at 5.  Boyd asserts federal question jurisdiction for "violated rights."  *Id.* at 3.

Dr. Joseph now seeks dismissal for lack of jurisdiction under Rule 12(b)(1), and alternatively, dismissal due to prescription under Rule 12(b)(6). ECF No. 3. Boyd opposes. ECF No. 10.

II. <u>Law and Analysis</u>

  A. <u>Standards governing a Rule 12(b)(1) Motion to Dismiss.</u>

It is well settled that when a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the Rule 12(b)(1) jurisdictional motion before addressing any attack on the merits. *Hill v. City of Pasadena*, 561 F.2d 606, 608 (5th. Cir. 1977) (*per curiam*). Therefore, the Court considers Dr. Joseph's jurisdictional argument first.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also* Fed. R. Civ. P. 12(b)(1). A district court may dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming*, 281 F.3d at 161.

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995)). Accordingly, the plaintiff constantly bears

the burden of proof that jurisdiction does, in fact, exist. *Ramming*, 281 F.3d at 161 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Ramming*, 281 F.3d at 161 (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Ramming*, 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"Under Rule 12(b)(1), a court has wide discretion to review affidavits, and other documents outside of the pleadings, as well as to conduct a limited evidentiary hearing, in order to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside of the pleadings does not convert the motion to a Rule 56 summary judgment motion." *Martin v. Napolitano*, 11-CV-1368, 2012 WL 1413579, at *3 (W.D. La. Apr. 2, 2012), *report and recommendation adopted,* 11-CV-1368, 2012 WL 1413162 (W.D. La. Apr. 23, 2012) (citing *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995); *see also Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004) ("[W]here subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. No presumptive truthfulness attaches to the plaintiff's allegations.")).

3

B. <u>The Court lacks subject matter jurisdiction.</u>

Dr. Joseph argues that neither federal question nor diversity jurisdiction is apparent or alleged on the face of the Complaint. ECF No. 3-1 at 2. Thus, he asserts the Court lacks subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citation omitted). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)). Further, a plaintiff "invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh*, 546 U.S. at 513 (citation omitted).

Here, Boyd alleges that this Court has federal question jurisdiction for "violated rights." However, Boyd appears to allege a state-law medical malpractice action, or a state law claim for sexual battery. ECF No. 1. Boyd fails to reference any federal statute or regulation in her Complaint. ECF Nos. 1, 10. And given the nature of her allegations, none apparently applies. Thus, the Court lacks federal question jurisdiction.

4

Moreover, both Boyd and Dr. Joseph are citizens of Louisiana. ECF Nos. 1 at 1-2, 3 at 1. Thus, the Court also lacks diversity jurisdiction.

### III. Conclusion

Because the Court lacks subject matter jurisdiction, IT IS RECOMMENDED that Dr. Joseph's Rule 12(b)(1) Motion to Dismiss (ECF No. 3) be GRANTED, and that Boyd's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this  6th  day of September 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE